UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MIGUEL RODRIGUEZ and STEVEN ROTH, on           Civil Action No.
behalf of themselves and all others similarly situated,

                              Plaintiffs,

        -against-

NATIONAL DEBT RELIEF, LLC,

                              Defendant.
----------------------------------------------------------------X

## COMPLAINT

Plaintiffs, MIGUEL RODRIGUEZ and STEVEN ROTH, on behalf of themselves and all others similarly situated (hereinafter, "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against Defendant, NATIONAL DEBT RELIEF, LLC (hereinafter, "Defendant") respectfully allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Law") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2.      Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.    Plaintiff MIGUEL RODRIGUEZ (individually, "Rodriguez") was employed by Defendant as a debt specialist from on or about May 27, 2013 until on or about June 1, 2016.

6.    Plaintiff STEVEN ROTH (individually, "Roth") was employed by Defendant as a debt specialist from on or about August 24, 2013 until on or about June 21, 2016.

7.    Defendant is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8.    Upon information and belief, Defendant operates or has operated a debt relief services business located at 11 Broadway, Suite 1600, New York, New York 10004.

## FACTS

9.    At all times relevant to this action, Plaintiffs were employed as debt specialists for the benefit of and at the direction of Defendant at its office located at 11 Broadway, Suite 1600, New York, New York 10004.

10.    Plaintiffs' responsibilities included offering Defendant's debt relief program to potential customers in the State of New York and elsewhere.

11.    During his employment, Plaintiff Rodriguez worked five days per week, Monday through Friday, from 11:00 a.m. until 9:00 p.m. Additionally, he worked one Saturday per month from 11:00 a.m. until at least 5:00 p.m.

12.    From the beginning of his employment until on or about April 2015, Plaintiff Rodriguez did not receive and did not take any uninterrupted meal breaks.

13.    From on or about April 2015 until the end of his employment, Plaintiff Rodriguez received and took a one-hour meal break each day that he worked Monday through Friday. During this time, Plaintiff Rodriguez did not receive and did not take any uninterrupted meal breaks when he worked Saturdays.

14.    From the beginning of his employment until on or about April 2015, Plaintiff Rodriguez worked fifty (50) hours per week. When he worked Saturdays, Plaintiff Rodriguez worked at least fifty six (56) hours per week.

15.    From on or about April 2015 until the end of his employment, Plaintiff Rodriguez worked forty-five (45) hours per week. When he worked Saturdays, Plaintiff Rodriguez worked at least fifty-one (51) hours per week.

16.    During his employment, Plaintiff Roth worked five days per week, Monday through Friday, from 9:00 a.m. until 7:00 p.m. On occasion, he worked from 10:00 a.m. until 8:00 p.m. Additionally, he worked three (3) Saturdays per month from 9:00 a.m. until 3:00 p.m. On occasion, he worked on Saturdays from 10:00 a.m. until 4:00 p.m.

17.    During his employment, Plaintiff Roth did not receive and did not take any uninterrupted meal breaks.

18.     During his employment, Plaintiff Roth worked fifty (50) hours a week when he worked Monday through Friday and fifty-six (56) hours per week when he worked Saturdays.

19.     Until on or about April 2015, Defendant paid Plaintiffs by direct deposit check on a semi-monthly basis; thereafter, Defendant paid Plaintiffs on a bi-weekly basis.

20.     During their employment, Defendant did not require Plaintiffs to clock in or out of any of their shifts.

21.     During their employment, Defendant did not record the hours Plaintiffs worked each day and each week.

22.     During their employment, Defendant paid Plaintiffs a salary plus commissions.

23.     Prior to about April 2015, Defendant did not pay Plaintiffs overtime compensation.

24.     Prior to about April 2015, Defendant did not pay Plaintiffs one and a half times their regular rate of pays when they worked more than 40 hours each week.

25.     From on or about April 2015 until the end of Plaintiffs' employment, Defendant paid Plaintiffs overtime compensation based on a flat ten-dollar ($10) hourly wage.

26.     Although Plaintiffs were paid a salary plus commissions during each pay period during this time period, Defendant did not calculate Plaintiffs' overtime compensation based on their salary and commissions, but instead used a flat hourly rate.

27.     During Plaintiffs' employment, Defendant failed to provide Plaintiffs with wage notices as required by NYLL § 195(1).

28.     During Plaintiffs' employment, Defendant failed to provide Plaintiffs with accurate wage statements as required by NYLL § 195(3).

29.     Defendant managed Plaintiffs' employment, including the amount of overtime worked.

30.     Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

31.     Defendant was aware of Plaintiffs' work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time under the law.

32.     Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

33.     Defendant employs or has employed other sales representatives that work at its New York office.

34.     These sales representatives have also been employed by Defendant to offer Defendant's debt relief program to potential customers in the State of New York and elsewhere.

35.     Prior to about April 2015, these sales representatives worked in excess of forty (40) hours per week without receiving overtime compensation or time and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours per week.

36.     Since about April 2015 to the present, these sales representatives have also been paid overtime compensation based on an improper ten-dollar ($10) hourly wage. Defendant did not calculate these sales representatives' overtime compensation based on their salary and commissions earned during each pay period.

## GENERAL ALLEGATIONS

37.     Plaintiffs, on behalf of themselves and all other similarly situated current and former employees of Defendant, including its subsidiaries and affiliated companies, if any, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation and statutory penalties owed to Plaintiffs and all other similarly situated employees.

38.     Defendant's failure to pay Plaintiffs and all other similarly situated employees proper overtime compensation has violated the FLSA and the NYLL.

39.     As a result of these unlawful practices, Plaintiffs and the similarly situated employees suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following class of persons:

> All debt specialists who worked for Defendant at its office located at 11 Broadway, New York, New York at any time from six years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class") and who were not paid overtime compensation for all hours that they worked in excess of forty (40) hours per week.

41.     Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, inter alia, they were required to work hours each week in excess of forty (40) hours per week without receiving appropriate overtime compensation pursuant to the FLSA.

42.     Defendant has known that Plaintiffs and similarly situated employees have performed work that has required overtime compensation. Nonetheless, Defendant has operated under a scheme to deprive Plaintiffs and the other members of the FLSA Class of this compensation by failing to properly compensate them for all time worked.

43.     Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, Defendant routinely and regularly failed to pay them the wages complained of herein.

44.     Defendant's conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and the similarly situated employees.

## STATE-WIDE CLASS ALLEGATIONS

45.     Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves and all other similarly situated employees who, during the relevant statute of limitations period, have worked as sales representatives with respect to the claims pleaded in Count II, Count III, and Count IV of the Complaint.

46.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

a.     The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

c.     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d.     The representative parties will fairly and adequately protect the interests of the class; and

e.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

47.     Plaintiffs seek certification of a class consisting of the following individuals:

> All debt specialists who worked for Defendant at its office located at 11 Broadway, New York, New York at any time from six years prior to the filing of this action to the entry of judgment in this action (hereinafter the "New York Class") who were not paid overtime compensation for all hours that they worked in excess of forty (40) hours per week.

## Numerosity

48.     Plaintiffs satisfy the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

49.     The proposed class can be identified and located using Defendant's payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

## Common Questions of Fact or Law

50.     There are questions of fact and law common to each class member which predominate over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendant's actions include, but are not limited to, the following:

   a.     Whether the class members were properly paid overtime compensation for the time they spent working in excess of forty (40) hours per week;

   b.     Whether Defendant's failure to pay proper overtime compensation has been willful.

51.     The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency,

fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

52.    Plaintiffs' claims are typical of the claims of the class members. As a result of Defendant's unlawful conduct, Plaintiffs suffered similar injuries as those suffered by other members of the respective class they seek to represent.

## Adequacy

53.    Plaintiffs are adequate representatives of the class they seek to represent because they are members of such class, and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

54.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

55.    Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for class members to bring individual claims.

56.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I
## FLSA Overtime Claim

57.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

60.     At all times relevant to this Complaint, Defendant had, and continues to have, employees handle goods or materials that have moved in interstate commerce, including Plaintiffs and the similarly situated employees who worked as debt specialists.

61.     At all times relevant to this Complaint, Plaintiffs and the similarly situated employees were employees individually engaged in commerce or in the production of goods for commerce because they regularly communicated with potential customers who resided outside of the State of New York.

62.     Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2016, 2015, and 2014 was not less than $500,000.00.

63.     At all times relevant to this action, Plaintiffs and the similarly situated employees were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

64.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

65.     By the above-alleged conduct, Defendant violated the FLSA by failing to pay Plaintiffs and the similarly situated employees overtime compensation as required by the FLSA.

66.     Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

67.     However, none of the Section 13 exemptions apply to Plaintiffs or the similarly situated employees because they did not meet the requirements for coverage under the exemptions.

68.     Plaintiffs and the similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

69.     Upon information and belief, in the course of perpetrating these unlawful practices, Defendant has willfully failed to keep accurate records of all hours worked by the FLSA collective action employees.

70.     Defendant acted willfully and either knew that its conduct violated the FLSA or showed reckless disregard for the matter of whether its conduct violated the FLSA.

71.     Defendant did not act in good faith with respect to the conduct alleged herein.

72.     As a result of Defendant's violations of the FLSA, Plaintiffs and all others similarly situated have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

73.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

74.     At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of New York Labor Law §§2 and 651.

75.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

76.     By the above-alleged conduct, Defendant has failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

77.    By the above-alleged conduct, Defendant has failed to pay members of the New York Class overtime compensation for the time periods in which they worked in excess of forty (40) hours per week for Defendant.

78.    Plaintiffs and the other members of the New York Class are not exempt from the overtime provisions of the New York Labor Law, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

79.    Plaintiffs and the other members of the New York Class are victims of a uniform company-wide compensation policy.  This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

80.    Upon information and belief, in the course of perpetrating these unlawful policies or practices, Defendant has willfully failed to keep accurate records of all hours worked by its employees in violation of the New York Labor Articles.

81.    Defendant acted willfully and either knew that its conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether its conduct violated the New York Labor Law.  Defendant did not act in good faith with respect to the conduct alleged herein.

82.    As a result of Defendant's violations of the NYLL, Plaintiffs and all others similarly situated incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
### NYLL Violation – Failure to Provide Wage Notices

83.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

84.     Defendant willfully failed to furnish Plaintiffs and all others similarly situated with wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs and all others similarly situated as their primary language, which were to contain, among other things, their rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rate of pay and overtime rate of pay.

85.     Through its knowing and intentional failure to provide Plaintiffs and all others similarly situated with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

86.     Due to Defendant's willful violations of the NYLL, Plaintiffs and all others similarly situated are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**NYLL Violation – Failure to Provide Wage Statements**

87.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

88.     Defendant willfully failed to provide Plaintiffs and all others similarly situated written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

89.     Through its knowing and intentional failure to provide Plaintiffs and all others similarly situated with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

90.     Due to Defendant's willful violations of the NYLL, Plaintiffs and all others similarly situated are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendant and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Order Defendant to file with this Court and furnish to counsel a list of all names and addresses of all debt specialists who currently work for or who have worked for Defendant at its office located at 11 Broadway, New York, New York within the six years prior to the filing of this action and who were not paid overtime compensation for hours that they worked in excess of forty (40) hours per week;

B.      Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former debt specialists who currently work for or who have worked for Defendant at its office located at 11 Broadway, New York, New York within the six years prior to the filing of this action and who were not paid overtime compensation for hours that they worked in excess of forty (40) hours per week, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours per week during the liability period, for which they were not paid the FLSA-required overtime.

C.      Declare and find that Defendant committed one or more of the following acts:

    1.      Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt into this Action;

    2.      Willfully violated the overtime provisions of the FLSA;

    3.      Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiffs and all class members;

    4.      Willfully violated the overtime provisions of the NYLL;

    5.      Violated the wage notice and wage statement requirements of the NYLL;

D.      Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

E.    Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

F.    Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and/or NYLL; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
        June 22, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I, the undersigned, consent to be a party in <u>Rodriguez, Miguel et al v. National Debt Relief LLC</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
         February 07, 2017

Miguel Rodriguez

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Rodriguez, Miguel v. National Debt Relief, LLC** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
        June 21, 2017

_____
Steven Roth